Lisa Bloom (SBN 158458)
Alan Goldstein (SBN 296430)
The Bloom Firm
26565 Agoura Road Suite 200
Calabasas, CA 91302
Telephone: (818) 914-7319
Facsimile: (866) 884-8079
Avi@TheBloomFirm.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIYOKO'S, PBC, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> MIYOKO SCHINNER, an individual, <br><br> Defendant. | Case No. 4:23-cv-00711-DMR <br><br> Assigned to the Hon. Donna M. Ryu <br><br> **DEFENDANT MIYOKO SCHINNER'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| MIYOKO SCHINNER, an individual, <br><br> Counterclaimant, <br><br> v. <br><br> MIYOKO'S, PBC, a Delaware Corporation; and DOES 1-10. <br><br> Counterdefendants. | |

Defendant Miyoko Schinner ("Defendant") hereby answers the Complaint of Plaintiff Miyoko's, PBC ("Plaintiff") as follows:

1. In response to Paragraph 1 of the Complaint, Defendant admits that this is an action by Plaintiff to recover its trade secrets and confidential information from Defendant, and to seek redress for Defendant's theft of this information. Defendant denies stealing any trade secrets or confidential information.

2. In response to Paragraph 2 of the Complaint, Defendant denies each and every allegation contained therein.

3. In response to Paragraph 3 of the Complaint, Defendant denies that she exhibited "numerous performance deficiencies" as CEO. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that the Board's decision to terminate her was unanimous.  Defendant denies that she "retaliated by stealing [Plaintiff's] property, including its trade secrets and confidential information."

4. In response to Paragraph 4 of the Complaint, Defendant denies any theft. Defendant admits that she copied documents that she was entitled to access as a member of the Board. Defendant admits to deleting some of those files after she was informed (incorrectly) that she did not have a right to retain those documents. Defendant denies that she "has not accounted for the whereabouts of all the Company property and information[.]"

5. Defendant admits Paragraph 5.

6. Defendant admits Paragraph 6.

7. In response to Paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein.

8. In response to Paragraph 8, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that "[Plaintiff's] Board wanted to keep [Defendant] as CEO."  Defendant admits that she founded the

company. Defendant denies her alleged "poor performance," but admits that Defendant offered her constructive feedback and coaching.

9. In response to Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that as to what "[t]he Board hoped." Defendant denies that she had "performance deficiencies." Defendant denies that she failed to meet the Board's performance targets and Company financial targets for both 2020 and 2021."

10. In response to Paragraph 10 of the Complaint, Defendant denies each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Defendant denies that she failed to improve. Defendant admits that "[Plaintiff] continued to work with her and explored alternative roles for her within the Company." Defendant denies that Plaintiff "suggested [she] work as Executive Chair." Defendant admits that Plaintiff "suggested" that she hire a CEO or President to manage day-to-day operations. Defendant admits she initially agreed to the proposal, but later changed her mind.

13. In response to Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that "[Plaintiff] agreed to give [Defendant] another chance." Defendant admits that Plaintiff put in place quarterly OKRs Defendant must meet to continue as CEO, but not until the second quarter of 2022.

14. In response to Paragraph 14 of the Complaint, Defendant denies that she "failed to meet the OKRs the very next quarter (first quarter of 2022)." Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Defendant's "senior leadership team brought multiple concerns about [Defendant] to the Board and threatened to quit due to [Defendant]'s mismanagement."

15. In response to Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that the Board's decision to remove her as CEO was unanimous. Defendant admits that Plaintiff started discussions with her about a new role for her within the company. Defendant admits that she was "a non-officer employee after her termination as CEO."

16. In response to Paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that the company "informed its workforce that [Defendant] was stepping down as CEO." Defendant denies that she "intentionally disrupted Company operations." Defendant admits that she signaled her intent to start her own company, as is her right. Defendant denies that she intended to compete with Plaintiff.

18. In response to Paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. In response to Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. In response to Paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. In response to Paragraph 22 of the Complaint, Defendant denies that there

was any "plot." Defendant admits that Plaintiff sent two separate notices to her counsel advising her of her legal obligations to preserve everything relating to its investigation of her alleged "theft" and to refrain from opening her Company-issued laptops – the only laptops she owned.

23. In response to Paragraph 23 of the Complaint, Defendant denies violating the two preservation notices, denies that she had any "stolen property," denies that she "cover[ed] her tracks," denies that there was any "stolen IP" and denies that she "tried to coverup what she had done. " Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that she "wiped around 2,900 documents from the two Company computers" and that "[f]orensics later revealed that [Defendant] backed up nearly the entire contents of the Company's documents from her Company—issued laptops to her personal Dropbox and Google Drive."

24. In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

25. Defendant admits the allegation in Paragraph 25.

26. Defendant admits the allegation in Paragraph 26.

27. In response to Paragraph 27 of the Complaint, Defendant admits that this Court has jurisdiction under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and that it has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1357 because those claims are part of the same case or controversy.

28. In response to Paragraph 28 of the Complaint, Defendant admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c).

29. In response to Paragraph 29 of the Complaint, Defendant admits that the divisional assignment in this action is proper.

30. In response to Paragraph 30 of the Complaint, Defendant admits that the Company is a leading innovator at the forefront of a growing market of plant-based

cheese and butter products. Defendant denies that its plant-based milks and cheeses are created with one-of-a-kind, proprietary recipes and cultures. Defendant denies that the Company devotes significant time and resources to research and development. Defendant denies that the research and development is undertaken in a location "walled off from non-R&D departments."

31.   In response to Paragraph 31 of the Complaint, Defendant denies that Plaintiff's very existence as a company is based on any proprietary recipes and cultures. Defendant denies that Plaintiff takes diligent steps to protect its trade secrets and confidential information. Defendant admits that Company employees sign confidentiality agreements and proprietary rights agreements as a condition of employment. Defendant denies that Plaintiff's R&D department is walled off from other departments and employees and that access to R&D materials is limited. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff's "employee handbook—which employees must acknowledge—reaffirms the importance of keeping the Company's trade secrets confidential."  Defendant denies that the Company has any true "trade secrets."

32.   In response to Paragraph 32 of the Complaint, Defendant admits that she signed a CIIAA.

33.   Defendant admits all allegations in Paragraph 33 of the Complaint.

34.    In response to Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35.    In response to Paragraph 35, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that "[Plaintiff's] Board wanted to keep [Plaintiff] as CEO."  Defendant admits that she founded the company. Defendant denies her alleged "poor performance," but admits that Plaintiff offered her constructive feedback and coaching.

36.   In response to Paragraph 36, Defendant admits that she was coached by Mr.

Joaquin on preparing board presentations, as well as occasional general suggestions on best hiring practices. Defendant also worked regularly with a CEO coach.

37. In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

38. In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

39. In response to Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

40. In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. In response to Paragraph 41 of the Complaint, Defendant denies that she failed to improve. Defendant admits that "[Plaintiff] continued to work with her and explored alternative roles for her within the Company." Defendant admits that Plaintiff suggested she work as Executive Chair. Defendant admits that Plaintiff suggested that she hire a CEO or President to manage day-to-day operations. Defendant admits she "initially agreed to the proposal, but later changed her mind, and requested that she remain CEO."

42. In response to Paragraph 42 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that "[Plaintiff] agreed to give [Defendant] another chance." Defendant admits that Plaintiff put in place quarterly OKRs that Defendant must meet to continue as CEO, but Plaintiff only did so in the second quarter of 2022.

43. In response to Paragraph 43 of the Complaint, Defendant denies that she "failed to meet the OKRs the very next quarter (first quarter of 2022)," given that Plaintiff only put in place quarterly OKRs beginning in the second quarter of 2022. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Defendant's "team brought multiple concerns about [Defendant] to the Board and threatened to quit due to [her] mismanagement."

44. In response to Paragraph 44 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that the Board's decision to remove her as CEO was unanimous. Defendant admits that she was "a non-officer employee after her termination as CEO." Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that the company "informed its entire workforce that [Defendant] was stepping down as CEO."

45. In response to Paragraph 45 of the Complaint, Defendant admits that she signaled her intent to start her own company but did not indicate what type of company she intended to start, much less that it was a competing business. Defendant denies that she intended to compete with Plaintiff.

46. In response to Paragraph 46 of the Complaint, Defendant denies that there was "disruptive activity."

47. In response to Paragraph 47 of the Complaint, Defendant admits that she copied documents that she was entitled to access as a member of the Board. Defendant admits to deleting some of those files after she was informed (incorrectly) that she did not have a right to retain those documents. Defendant denies that she "has not accounted for the whereabouts of all the Company property and information[.]"

48. In response to Paragraph 48 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of what forensics revealed. Defendant admits that she copied documents that she was entitled to access as a member of the Board. Defendant denies that the files contained a wide variety of trade secrets and confidential Company information.

49. In response to Paragraph 49 of the Complaint, Defendant denies misappropriating confidential information. Defendant admits that Company documents were downloaded using her credentials, but that those documents related to her speaking engagements.

50.  In response to Paragraph 50 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that a folder named "Box" was created on her laptop or that she copied a folder named "AA Archives." Defendant admits that she copied the remaining folders, all of which she was entitled to access as an active Board member.

51.  In response to Paragraph 51 of the Complaint, Defendant denies she was involved in any "scheme to steal the Company's confidential and proprietary information."

52.  In response to Paragraph 52 of the Complaint, Defendant admits to removing Company property, but only property carrying no value to the Company. Defendant admits to transferring a refrigerator, personally owned by Defendant, to a moving truck.

53.  In response to Paragraph 53 of the Complaint, Defendant admits that Ms. Kirkham downloaded specification ("spec") sheets, which can be found online and that are not proprietary. Defendant admits to receiving the thumb drive and copying its contents, which were non-proprietary and which she has a right to access as a Board member, to her Dropbox account.

54.  In response to Paragraph 54 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that she copied a folder called "AA Archive" or what contents were stored therein. Defendant denies that there were "many proprietary culture configurations used to create the Company's plant-based products." Defendant denies that any "culture configurations took years and substantial resources to develop."  Defendant denies that the folders contained "many proprietary Company recipes"  or "highly proprietary and confidential documents."

55.  In response to Paragraph 55 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to when the Company first became aware that Defendant "had potentially acted improperly."  Defendant denies

acting improperly. Defendant admits that Plaintiff communicated with her counsel regarding preservation obligations.

56. In response to Paragraph 56 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the timing of the counsel communications and the date in which Defendant sent over purported Company property.

57. In response to Paragraph 57 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to precisely what she had deleted. Defendant sought to delete and uninstall Dropbox from her laptop as she had personal information stored therein.

58. In response to Paragraph 58 of the Complaint, Defendant denies that the Company had "proprietary recipes."

59. In response to Paragraph 59 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to whether she "backed up nearly the entire contents of the Company's documents." Defendant denies that the Company had "valuable, proprietary information and IP." Defendant is without sufficient knowledge or information to form a belief as to whether the Company exhausted all reasonable efforts to get Defendant to return all copies of the Company's purported confidential and proprietary information. Defendant denies that she refused to comply with any requests by the Company with respect to these documents.

60. Defendant admits Paragraph 60.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof or persuasion, Defendant is informed and believes and on that ground alleges that Plaintiff's Complaint is subject to the following affirmative defenses:

///

## FIRST AFFIRMATIVE DEFENSE
### (Facts Insufficient to State Any Cause of Action)

1. The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2. Plaintiff's Complaint, and each purported cause of action and/or form of recovery contained therein, is barred to the extent that Plaintiff lacks standing to assert any of the causes of action and/or form of recovery contained in the Complaint because Plaintiff has not suffered any injury-in-fact or for which Plaintiff does not have a private right of action. Moreover, Plaintiff lacks standing because its Board did not vote to initiate this lawsuit.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

3. The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff has expressly and/or impliedly waived the right to assert such causes of action by virtue of its verbal and/or written expressions or conduct.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4. By virtue of its conduct, Plaintiff must be estopped from asserting any of the causes of action in the Complaint against Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

5. Plaintiff is barred from proceeding with this action on the ground that Plaintiff is guilty of laches in failing to timely commence this action, which has prejudiced Defendant in her ability to discover adequate witnesses, testimony, facts, and evidence to support Defendant's defenses.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

6. Defendant is informed and believes and thereon alleges that Plaintiff, by its own conduct, is guilty of unclean hands, which completely bars or reduces recovery, if any, to which it may be entitled, all in accordance with proof at trial.

## SEVENTH AFFIRMATIVE DEFENSE
### (Consent)

7. The Complaint, and each purported cause of action alleged therein, is barred on the ground that at all times alleged in the Complaint, Plaintiff expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

## EIGHTH AFFIRMATIVE DEFENSE
### (Federal and/or State Preemption)

8. Plaintiff's Complaint, and each claim contained therein, is barred to the extent that Plaintiff's claims are preempted by federal and/or state law.

## NINTH AFFIRMATIVE DEFENSE
### (Good Faith)

9. All actions taken by Defendant with respect to Plaintiff, at all times relevant to this action, were taken in good faith for legitimate reasons.

## TENTH AFFIRMATIVE DEFENSE
### (Offset)

10. Defendant alleges that it has suffered damages by reason of Plaintiff's conduct, and Defendant has a right to offset her damages against the damages, if any, of Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

11. Without admitting any facts pled by Plaintiff, Defendant alleges that if Plaintiff sustained any loss, injury or damages either as alleged in the Complaint or at all, which Defendant expressly denies, the same were directly and proximately caused and/or exacerbated by Plaintiff's own conduct, promises and representations

to Defendant, and failure to take actions to mitigate these losses, injuries, or damages.

### TWELFTH AFFIRMATIVE DEFENSE
### (Speculative Damages and/or Penalties)

12. Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain and speculative to permit recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Defendant Exercised Reasonable Care to Prevent and Promptly Correct Misconduct)

13. Without admitting any facts pled by Plaintiff, Defendant asserted that Plaintiffs claims fail because Defendant exercised reasonable care to prevent and promptly correct the alleged misconduct.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Essential Lawful Part of Business Operations)

14. Defendant alleges the Complaint, and each purported cause of action contained therein, is barred because the alleged conduct, if true, would be an essential lawful part of Defendant's business operations and/or consistent with industry practice.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

15. Defendant alleges the Complaint, and each purported cause of action contained therein, or some of them, are barred and/or relief may be limited due to after-acquired evidence of Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Reasonable Care)

16. Defendant alleges the Complaint, and each purported cause of action contained therein, is barred because Defendant exercised reasonable care to prevent

and correct promptly any alleged misconduct and Plaintiff unreasonably failed to avoid harm otherwise.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Legitimate Business Reason)

17. Defendant alleges the Complaint, and each purported cause of action contained therein, is barred because Defendant had legitimate business reasons for taking certain action.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Mixed Motive)

18. As Defendant allege the Complaint, and each purported cause of action contained therein, is barred because in the event that Plaintiff proves any wrongful acts by Defendant, the actions about which Plaintiff complains would have been the same even if the alleged wrongful motive played no role.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Show Intent or Willfulness)

19. Plaintiff's claims for penalties are barred in whole or in part, because Plaintiff has not alleged, and cannot allege, facts demonstrating, that Defendant's conduct was willful, intentional or harmful. Without admitting any facts pled in the Complaint, Defendant alleges that she engaged in lawful conduct that was with cause and justification, and Defendant is not liable for any purported injuries or claims which Plaintiff now declares.

### TWENTIETH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

20. Defendant alleges that Plaintiff is not entitled to recover the punitive damages in its Complaint as an award of punitive damages would violate Defendant's rights under the Constitution of the United States of America and under the Constitution of the State of California including Defendant's rights to (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California; (2) protection for

"excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California; and (3) substantive due process provided in the Fifth and Fourteenth Amendments of the United States of America Constitution and the Constitution of the State of California.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Avoidable Consequences Doctrine)**

21. Defendant alleges the Complaint, and each and every cause of action alleged therein, is barred on the ground that, without admitting that it engaged in any of the acts or conduct attributed to it in the Complaint, that Plaintiff's claims and damages are barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps to avoid the harm and/or consequences it allegedly suffered. Plaintiff is barred from recovering any damages that it could have avoided with reasonable effort.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Release)**

22. The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff released and waived any and all claims it may have against Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(Third Parties)**

23. Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part because any injuries or damages allegedly sustained by Plaintiff were not the result of any acts, omissions or other conduct of Defendant. Further, any alleged injuries were caused in part or in whole by third parties or intervening occurrences.

///
///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(Lack of Knowledge)**

24. Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part and limited by her lack of actual or constructive knowledge. Plaintiff did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time the Complaint was filed.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Business Necessity)**

25. Any recovery on Plaintiff's Complaint is barred on the ground that every action taken with respect to Plaintiff was done out of business necessity.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(Lack of Authorization to Initiate Litigation)**

26. Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred on the ground that Plaintiff's Board did not vote to initiate litigation.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend or add any additional defenses or counterclaims which may become known during the course of discovery.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That Defendant recover attorneys' fees, expert fees and investigator fees;

3. That Defendant recover costs of suit herein; and

4. That the Court award such other and further relief as it deems appropriate.

DATED:  March 16, 2023                           The Bloom Firm

                                                 /s/ *Lisa Bloom*
                                                 Lisa Bloom
                                                 Alan Goldstein

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Attorneys for Defendant
MIYOKO SCHINNER

**PROOF OF SERVICE**
MIYOKO'S, PBC v. MIYOKO SCHINNER
USDC, Northern District of California
Case No.: 4:23-cv-00711-DMR

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 26565 Agoura Road, Suite 200, Calabasas, California 91302.

On March 16, 2023, I served the following document described as:

**DEFENDANT MIYOKO SCHINNER'S ANSWER TO PLAINTIFF'S COMPLAINT.**

The above-referenced documents were served on the interested parties in this action as follows:

PLEASE SEE ATTACHED SERVICE LIST.

**[X]   BY ELECTRONIC TRANSMISSION VIA CM/ECF:** I caused the document to be electronically delivered to the interested parties at the addresses on the attached Service List via the Court's CM/ECF System.

**[ X ]   BY ELECTRONIC TRANSMISSION:** I caused the said document(s) to be transmitted electronically, per stipulation of counsel and/or state or local rules, to the addressees referenced on the attached Service List at the email addresses shown below their names. My email address is Steve@TheBloomFirm.com

**[ X ]   FEDERAL:** I declare that I am employed in the offices of a member of the bar of this court at whose direction this service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that this declaration was executed on March 16, 2023, at Lancaster, California.

_____
STEVEN K. CONLON

PROOF OF SERVICE

**SERVICE LIST**

Micha Danzig, Esq.
    mdanzig@mintz.com
Nicole M. Rivers, Esq.
    nmrivers@mintz.com
Mike C. Flesuras, Esq.
    mcflesuras@mintz.com
MINTZ LEVIN COHN, et al.
3850 Carmel Mountain Road, Suite 300
San Diego, California 92130
[Attorneys for Plaintiff, Miyoko's, PBC, a Delaware Corporation]