Jennifer B. Rubin (SBN 296397)
jbrubin@mintz.com
Nicole M. Rivers (SBN 309450)
nmrivers@mintz.com
Mike C. Flesuras (SBN 321666)
mcflesuras@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone:  858-314-1500
Facsimile:   858-314-1501

Attorneys for Plaintiff
MIYOKO'S, PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIYOKO'S, PBC, a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>MIYOKO SCHINNER, an individual.<br><br>    Defendant. | Case No.:  4:23-CV-00711-DMR<br><br>**MIYOKO'S, PBC'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**<br><br>Magistrate Judge Donna M. Ryu |
| MIYOKO SCHINNER, an individual,<br><br>    Counter-Claimant,<br><br>  v.<br><br>MIYOKI'S, PBC, a Delaware Corporation; and DOES 1 – 10,<br><br>    Counter-Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

Plaintiff Miyoko's PBC (the "Plaintiff"), by its attorneys Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., hereby Answers the Counterclaims of Defendant Miyoko Schinner ("Defendant") and asserts Affirmative Defenses thereto as follows:

**ANSWER TO COUNTERCLAIMS**

1. Plaintiff admits that Defendant founded Plaintiff in 2014. Plaintiff denies that Defendant "exceeded all expectations year after year." Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 and therefore denies the same, except to state that the quotations attributed in paragraph 1 speak for themselves and any awards that Defendant alleges she received similarly speak for themselves.

2. Plaintiff denies the allegations in paragraph 2 except Plaintiff admits that Defendant hired René Weber and openly and vigorously advocated for his promotion and increased compensation after hiring him. In fact, Defendant affirmed her collegial relationship with Mr. Weber by touting the fact that she, as "Queen of Plant Milk cheese" brought in Mr. Weber to "fulfill her vision." The photo she included in a PowerPoint deck of her and Mr. Weber that she presented to Plaintiff's Board of Directors on January 26, 2022 is as follows:



- 1 -
**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

3. Plaintiff admits the allegations in paragraph 3 of the Counterclaims inasmuch as Plaintiff owns at least nine registered trademarks associated with Defendant's name and, as such, is entitled to use such marks. Plaintiff denies the remaining allegations of paragraph 3.

4. Plaintiff refers this Court to the Counterclaims for its allegations and contents and denies the balance of the allegations in paragraph 4.

5. Admitted.

6. Admitted.

7. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Counterclaims and asserts that Defendant has failed to allege facts sufficient to name or even purport to name Doe defendants.

8. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Counterclaims.

9. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Counterclaims.

10. Plaintiff admits that Defendant hired Mr. Weber on Plaintiff's behalf, actively promoted him, and advocated to the Board in late 2021 and early 2022 for Mr. Weber's retention and compensation and equity increase. Plaintiff denies the remaining allegations in paragraph 10 of the Counterclaims.

11. Plaintiff denies the allegations in paragraph 11 of the Counterclaims. Defendant informed Plaintiff's Board of challenging interactions with Mr. Weber in November of 2021. In so doing, Defendant acknowledged that it was her "job to keep [Mr. Weber] incentivized but in check." Following this statement, the Board encouraged Defendant to sit down with Mr. Weber to discuss any issues that existed between them. In response, Defendant indicated that she believed she had "worked things out." In response to Defendant's statement, Mr. Joaquin followed up with Defendant to ask her why Mr. Weber's behavior and attitude had changed, to which Defendant reported that Mr. Weber "understood me." Plaintiff admits that, at the time of the statements alleged in paragraph 11 of the Counterclaims, Defendant was Plaintiff's CEO.

/ / /

12.     Plaintiff denies the allegations in paragraph 12 of the Counterclaims except it admits that a consultant engaged by Plaintiff's Board to address operational matters and to identify improvements to Plaintiff's performance met with Defendant.

13.     Plaintiff denies the allegations in paragraph 13 of the Counterclaims. In December, 2021, Defendant called an "emergency" meeting of Plaintiff's Board to ask the Board to increase Mr. Weber's compensation. On December 30, 2021, Defendant circulated a draft to the Board of the compensation terms and equity she proposed that Plaintiff should offer Mr. Weber. On January 2, 2022, Defendant asked for Board approval to "bump" Mr. Weber's salary further than her original proposal "to remove any doubt about what he is being offered elsewhere." She noted in that same communication that she was "hoping to get [the Board's] approval" for her proposal to increase Mr. Weber's compensation that same day.  Plaintiff's Board granted her request to increase Mr. Weber's compensation on January 2, 2022. The next day, Board member John Kenney asked Defendant how her meeting with Mr. Weber went. Defendant reported that it went well and Mr. Weber "wanted to stay." She further reported on January 3, 2022 that "[h]opefully, I have some good news for everyone tomorrow." As a result, far from the allegations she asserts that the Board directed Defendant to promote Mr. Weber or increase his compensation, the facts demonstrate that it was Defendant who made these suggestions.  Moreover, Defendant had terminated Plaintiff's President in November, 2021, demonstrating both her capability and freedom to effectuate another executive's termination as well as her knowledge that she was empowered to make these decisions.

14.     Plaintiff denies the allegations in paragraph 14 of the Counterclaims except Plaintiff admits that members of Plaintiff's Board asked Defendant to provide information regarding the status of the business. Defendant provided such information, including touting her close relationship with Mr. Weber to the Board on January 26, 2022, as more fully set forth in Plaintiff's response to paragraph 2 of the Counterclaims.

15.     Plaintiff admits that Ms. Feria made some suggestions to Defendant regarding strategies to employ to address unconscious bias and other challenges for female founders and businesswomen.  Plaintiff denies the remaining allegations in paragraph 15 of the Counterclaims.

16. Plaintiff denies the allegations in paragraph 16 of the Counterclaims.

17. Plaintiff denies that Defendant was removed as Plaintiff's CEO on June 9, 2022. Further on June 12, 2022, Defendant was elected as Plaintiff's Executive Chairman. Plaintiff admits the remaining allegations in paragraph 17 of the Counterclaims.

18. Plaintiff denies the allegations in paragraph 18 of the Counterclaims to the extent it characterizes and selectively quotes from said email and Plaintiff refers this Court to the text of the actual email, in which Defendant admits that she "should have managed [Mr. Weber] better."

19. Plaintiff denies the allegations in paragraph 19 of the Counterclaims and refers this Court to the text of the actual email and attachment thereto, which speak for themselves.

20. Plaintiff admits that, after it was unable to reach an agreement with Defendant concerning her continued role and involvement in Plaintiff, the Board resolved on July 28, 2022 to terminate Defendant's employment, which termination was effective on August 12, 2022.

21. Plaintiff denies the allegations in paragraph 21 of the Counterclaims.

22. Plaintiff denies the allegations in paragraph 22 of the Counterclaims, except admits that, prior to learning the circumstances that gave rise to the claims in its Complaint against Defendant, it had granted Defendant permission to enter the premises and keep the laptops.

23. Plaintiff admits Defendant asserted through counsel, and continues to assert, that Plaintiff does not have the right to use the trademarks it owns.  Plaintiff denies the remaining allegations in paragraph 23 of the Counterclaims.

24. Plaintiff denies the allegations in paragraph 24 of the Counterclaims.

25. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Counterclaims.

26. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Counterclaims.

### ANSWERING COUNT ONE: GENDER DISCRIMINATION

27. Plaintiff repeats and realleges its responses to paragraphs 1-26 herein.

28. Plaintiff denies the allegations in paragraph 28 of the Counterclaims as legal conclusions.

1  29. Plaintiff denies the allegations in paragraph 29 of the Counterclaims as legal
2  conclusions.
3  30. Plaintiff denies the allegations in paragraph 30 of the Counterclaims as legal
4  conclusions.
5  31. Plaintiff denies the allegations in paragraph 31 of the Counterclaims as legal
6  conclusions.
7  32. Plaintiff denies the allegations in paragraph 32 of the Counterclaims.
8  33. Plaintiff denies the allegations in paragraph 33 of the Counterclaims.
9  34. Plaintiff denies the allegations in paragraph 34 of the Counterclaims.
10 35. Plaintiff denies the allegations in paragraph 35 of the Counterclaims.

11 **ANSWERING COUNT TWO: FAILURE TO PREVENT DISCRIMINATION**

12 36. Plaintiff repeats and realleges its responses to paragraphs 1-36 herein.
13 37. Plaintiff admits that, as Plaintiff's Chief Executive Officer and during such tenure,
14 it was Defendant's responsibility to ensure that Plaintiff complied with applicable law.  Plaintiff
15 denies the remaining allegations in paragraph 37 of the Counterclaims as legal conclusions.
16 38. Plaintiff admits that, as Plaintiff's Chief Executive Officer and during such tenure,
17 it was Defendant's responsibility to ensure that Plaintiff complied with applicable law.  Plaintiff
18 denies the remaining allegations in paragraph 38 of the Counterclaims.
19 39. Plaintiff denies the allegations in paragraph 39 of the Counterclaims.
20 40. Plaintiff denies the allegations in paragraph 40 of the Counterclaims.
21 41. Plaintiff denies the allegations in paragraph 41 of the Counterclaims.
22 42. Plaintiff denies the allegations in paragraph 42 of the Counterclaims.
23 43. Plaintiff denies the allegations in paragraph 43 of the Counterclaims.

24 **ANSWERING COUNT THREE: RETALIATION**

25 44. Plaintiff repeats and realleges its responses to paragraphs 1-43 herein.
26 45. Plaintiff admits that, as Plaintiff's Chief Executive Officer and during such tenure,
27 it was Defendant's responsibility to ensure that Plaintiff complied with applicable law.  Plaintiff
28 denies the remaining allegations in paragraph 45 of the Counterclaims.

1      46.      Plaintiff denies the allegations in paragraph 46 of the Counterclaims.

2      47.      Plaintiff denies the allegations in paragraph 47 of the Counterclaims.

3      48.      Plaintiff denies the allegations in paragraph 48 of the Counterclaims.

4      49.      Plaintiff denies the allegations in paragraph 49 of the Counterclaims.

5      50.      Plaintiff denies the allegations in paragraph 50 of the Counterclaims.

6      51.      Plaintiff denies the allegations in paragraph 51 of the Counterclaims.

7      52.      Plaintiff denies the allegations in paragraph 52 of the Counterclaims.

### ANSWERING COUNT FOUR: WRONGFUL TERMINATION

9      53.      Plaintiff repeats and realleges its responses to paragraphs 1-52 herein.

10      54.      Admitted.

11      55.      Plaintiff denies the allegations in paragraph 55 of the Counterclaims.

12      56.      Plaintiff admits it discharged Defendant, but it did so for legitimate business reasons relating to Defendant's failure of leadership and poor performance as Plaintiff's CEO.

14      57.      Plaintiff denies the allegations in paragraph 57 of the Counterclaims as legal conclusions.

16      58.      Plaintiff denies the allegations in paragraph 58 of the Counterclaims as legal conclusions.

18      59.      Plaintiff denies the allegations in paragraph 59 of the Counterclaims.

19      60.      Plaintiff denies the allegations in paragraph 60 of the Counterclaims.

20      61.      Plaintiff denies the allegations in paragraph 61 of the Counterclaims.

21      62.      Plaintiff denies the allegations in paragraph 62 of the Counterclaims.

### ANSWERING COUNT FIVE: VIOLATION OF RIGHT OF PUBLICITY

23      63.      Plaintiff repeats and realleges its responses to paragraphs 1-62 herein.

24      64.      Plaintiff denies the allegations in paragraph 64 of the Counterclaims inasmuch as Plaintiff has the legal right to use Defendant's name. Plaintiff denies the remaining allegations in paragraph 64 of the Counterclaims.

27      65.      Plaintiff denies the allegations in paragraph 65 of the Counterclaims.

28      66.      Plaintiff denies the allegations in paragraph 66 of the Counterclaims.

ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

1     67.     Plaintiff denies the allegations in paragraph 67 of the Counterclaims.

2     68.     Plaintiff denies the allegations in paragraph 68 of the Counterclaims inasmuch as Plaintiff has the legal right to use Defendant's name. Plaintiff denies the remaining allegations in paragraph 68 of the Counterclaims.

69.     Plaintiff denies the allegations in paragraph 69 of the Counterclaims.

70.     Plaintiff denies the allegations in paragraph 70 of the Counterclaims.

71.     Plaintiff lacks knowledge or information sufficient to form a belief as to the relief Defendant seeks and further denies that Defendant is entitled to any such relief.

**ANSWERING COUNT SIX: MISAPPROPRIATION OF NAME AND LIKENESS**

72.     Plaintiff repeats and realleges its responses to paragraphs 1-71 herein.

73.     Plaintiff denies the allegations in paragraph 73 of the Counterclaims.

74.     Plaintiff denies the allegations in paragraph 74 of the Counterclaims.

75.     Plaintiff denies the allegations in paragraph 75 of the Counterclaims.

76.     Plaintiff denies the allegations in paragraph 76 of the Counterclaims.

77.     Plaintiff denies the allegations in paragraph 77 of the Counterclaims.

78.     Plaintiff lacks knowledge or information sufficient to form a belief as to Defendant's request for a jury demand.

79.     Plaintiff denies all remaining allegations not otherwise admitted or responded to.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any of these defenses where it would otherwise rest on Defendant, Plaintiff asserts the following affirmative defenses against Defendant's Counterclaims:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Counterclaims fail to state facts sufficient to state a claim against Plaintiff.

/ / /

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Waiver, Latches and/or Estoppel)

The Counterclaims are barred by the doctrine of waiver, latches, and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Consent/Acquiescence)

The Counterclaims are barred, in whole or in part, because Defendant consented and acquiesced to Plaintiff's use of Defendant's name, likeness and image, as Defendant entered into multiple written consent agreements permitting Plaintiff to utilize Defendant's name, and consented to Plaintiff's exclusive ownership of at least nine registered trademarks include the name "Miyoko," several of which are now incontestable.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Defendant is precluded from recovering on her claims, in whole or in part, because Defendant would be unjustly enriched by the requested relief.

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

The Counterclaims are barred, in whole or in part, to the risk that Defendant assumed.

## SEVENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

The Counterclaims fail because Defendant failed to mitigate her damages, if any, from the alleged acts of which she complains.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

The Counterclaims fail because Defendant contributed to the facts giving rise to her claims as alleged in the Counterclaims.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Dismiss all counts of the Counterclaims;
2. Award Plaintiff its attorneys' fees and costs in defending the Counterclaims; and
3. Provide Plaintiff with such further relief as the Court deems just and proper.

Dated:  April 6, 2023                    Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

*/s/ Jennifer B. Rubin*
By:   Jennifer B. Rubin
      Nicole M. Rivers
      Mike C. Flesuras

      Attorneys for Plaintiff
      MIYOKO'S, PBC

**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**